## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAROLYN LUMAR**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO: 19-13268**

**CAESAR'S ENTERTAINMENT**                                          **SECTION: T(3)**
**CORPORATION, ET AL**

## ORDER

Before the Court is a Motion to Remand[1] filed by Darolyn Lumar ("Plaintiff"). Jazz Casino Company, LLC ("Jazz Casino Company") has filed an opposition.[2] For the following reasons, the Motion to Remand[3] is **GRANTED.**

## BACKGROUND

On May 2, 2018, Plaintiff slipped and fell at Harrah's New Orleans Casino in the Parish of Orleans, State of Louisiana. On April 2, 2019, Plaintiff initiated this lawsuit in the Civil District Court for Orleans Parish against Caesar's Entertainment Corporation d/b/a Harrah's New Orleans. Plaintiff subsequently amended her petition to substitute Jazz Casino Company, and Jazz Casino Company removed the matter to this Court on October 24, 2019. The notice of removal represents that the Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and is between citizens of different states.[4] Plaintiff has filed a motion to remand the case to state court contending that the amount in controversy does not exceed $75,000.[5]

---

[1] R. Doc. 13.
[2] R. Doc. 19.
[3] R. Doc. 13.
[4] R. Doc. 1.
[5] R. Doc. 13.

1

## LAW AND ANALYSIS

Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[6] Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[7] A defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset.[8] Given the significant federalism concerns implicated by removal, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand."[9] 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different States." Remand is proper if at any time the Court lacks subject-matter jurisdiction.[10]

In this case, the parties dispute whether the amount in controversy exceeds $75,000. If removal is sought on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[11] If, however, state practice "does not permit demand for a specific sum," removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.[12] Because plaintiffs in Louisiana state courts may not specify the numerical value of claimed damages, Jazz Casino Company must prove by a preponderance of the evidence that the amount in controversy is met.[13] This can be

---

[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[7] *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).
[8] See 28 U.S.C. § 1441(a).
[9] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).
[10] 28 U.S.C. § 1447(c).
[11] 28 U.S.C. § 1446(c)(2).
[12] 28 U.S.C. § 1446 (c)(2)(A)(ii)-(B).
[13] *Morton v. State Farm Ins. Co*., 250 F.R.D. 273, 274 (E.D. La. 2008).

done by (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount.[14] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[15]

Here, the amount in controversy is not facially apparent. The Petition includes no details about the extent or nature of Plaintiff's alleged injuries or medical expenses. While the Petition alleges Plaintiff suffered "severe and disabling injuries,"[16] Plaintiff's motion to remand represents that Plaintiff has stipulated that the damages do not meet the damages requirement for federal jurisdiction. Jazz Casino Company's opposition asserts that the amount in controversy will be met in the future based on the Plaintiff's diagnosis of lumbar disc displacement and radiculopathy, thoracic radiculopathy, cervical disc disorder and radiculopathy, right knee meniscus tear, right AC joint sprain, and sprains of the cervical, thoracic, and lumbar spine. However, Plaintiff's medical bills at the time of removal totaled $23,183.78.[17] Therefore, the Court finds that it is not facially apparent that the amount of Plaintiff's damages were in excess of $75,000 at the time of removal. Furthermore, Jazz Casino Company has submitted no summary judgment type evidence to indicate that the amount in controversy was met at the time of removal. Considering the Petition and the lack of summary judgment type evidence supporting a finding that the amount in controversy is satisfied, the Court concludes that Jazz Casino Company has not met its burden of establishing that the amount in controversy exceeds $75,000.

---

[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[16] R. Doc. 1-1.
[17] R. Doc. 28.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Remand[18] is

**GRANTED**. This case is hereby remanded to the Civil District Court for Orleans Parish.

**New Orleans, Louisiana**, on this 17th day of June, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 13.